Gordon, hang on one moment, let me just make sure we have Mr. Ferguson on the line. All right, Mr. Gordon, you can proceed. Thank you, Judge. May it please the court, counsel, my name is Jeremy Gordon, and I represent the appellant in this case, Mr. Fernando Gil. We are appealing the denial of a compassionate release in the Southern District of New York. There are two things that I'd like to talk about today. The first thing is that the district court abused their discretion when they made the inappropriate assessment of the evidence in order to deny Mr. Gil with regards to the evidence that was brought forward in the original compassionate release motion. The district court received the brief and found Mr. Gil to have one of the three circumstances. But the court also indicated that releasing the defendant would be contrary to the sentencing commission's directive that courts should deny compassionate release to defendants that pose a danger to the community. And the court specifically in their legal standard portion of the order referenced 1B113, which is the sentencing guideline. That's a part of the applicable to compassionate releases. Is there anything to suggest that the district court felt it was constrained by 1B113? I mean, it does seem that the court considered other factors as well. So, all right, so when the court was making their determination, when they were making their holding, they made a statement at the beginning of the portion of their order where they denied him saying that he was a danger to the community. And there was a portion at the end of that on page number four where it says, considering all this, the court finds the defendant would pose a danger to his community were he to be released. So, it's our position that the court used those things in order to determine that he was, that Gil should not be released and that the court did not appropriately use the sentencing factors under 3553A. The court noted that following passage of the First Step Act, courts may determine where there are other reasons for granting release, which suggests that it considered other reasons why the defendant's circumstances were extraordinary and compelling or not. Is that not so? So, the court did indicate and the court did make a holding that Mr. Gil's that Mr. Gil's age and his medical conditions would cause him to experience extraordinary compelling circumstances. But when we, but in the Brooker case, the court indicated, the Second Circuit indicated that 1B113 was no longer an applicable sentencing commission guideline. And the impact of that is with regards to the whole guideline of 1B113. Not just the portion that deals with extraordinary compelling circumstances, but it's our submission that the entire, the entire sentencing guideline is no longer applicable because this is a motion, a compassionate release motion that was filed by an inmate as opposed to the Bureau of Prisons. So, the safety of the community is in the section 3553A factors in any event. And the district court, I believe, considered that. So, doesn't that essentially amount to the same thing? I mean, you're not suggesting that safety of the community and danger doesn't come up as part of the 3553A analysis, are you? Of course not, Your Honor. But with regards to 3553A factors, the second portion of what our argument is, is that the district court misapplied the evidence. We know from the Borden case, United States versus Borden, which we cited in our brief, 564F3D, I believe 100, that the district court can, it makes, if the district court makes an inappropriate assessment of the evidence, then that can serve as an abuse of discretion. So, to the question of, to the question of the danger to the community, that was, that is, that must be juxtaposed under 3553A. There was evidence at trial that Mr. Gill had ordered the murder of one of his subordinates. Does that not support the district judge's conclusion that he was a danger to the community? That does support the district court's decision that he was a danger to the community, but it's our submission. So, in the courts, in the district court's holding, the district court referenced three, four things that caused Mr. Gill to be a danger to the community. And three of those things happened before Mr. Gill was sentenced. But what the district court did not consider, and what the district court did not reference in their court's were the things that Mr. Gill presented after he was sentenced. Specifically, the thousands of hours of programming that had happened, specifically the information that showed that he would go back to his home country of Columbia if released, and the sentencing commission data that showed, that we referenced, that said that he would be more likely to age out of crime because of him being 70 years old. None of those things were referenced by the court, and it's our position that those things overrule the danger to the community aspect, and that the court's failure to consider those things and even reference those in the brief indicate a misapplication of the inappropriate assessment of the evidence, and as such, an abuse of discretion. All right, you have some time for rebuttal. We'll hear from the government. May it please the court. My name is Micah Ferguson. I'm an assistant United States attorney in the Southern District of New York. I represent the United States on this appeal, and I also represented the United States in the most recent proceedings below. In this case, Judge Wood did not abuse her substantial discretion when she denied compassionate release to the defendant after carefully weighing the section 3553a factors. This defendant was a major narcotics trafficker for the Medellin drug cartel who possessed firearms and, as was already noted, ordered the execution of one of his subordinates, all in the course of distributing over 1,600 kilograms of cocaine. Judge Wood's decision to not order a sentence reduction for this defendant was entirely reasonable. In particular, Judge Wood's conclusion that the defendant presented a danger to the clearly erroneous. It was based on and supported by several considerations. First of all, it was based on his offense conduct, which I have just noted, but was extraordinarily serious, including the ordering of a murder. It's also worth noting in that regard that Judge Wood's offense conduct was not based on what is sometimes called the cold record. She presided herself over his months-long trial, a trial of five or six months, and she herself imposed the original sentence of life imprisonment. It's worth noting as well that at that trial, Judge Wood, I'm sorry, following that trial, Judge Wood specifically credited the evidence that the defendant had ordered the murder of his subordinate. She also found, and again these are in her findings at the sentencing proceeding, that the defendant offered both perjured testimony at that trial as well as fabricated physical evidence. Another basis for her conclusion that the defendant still presented a danger to the community was a 2017 disciplinary infraction. After many years in jail and nearly four years ago, while the defendant was in his late 60s, he received a disciplinary infraction for possessing a razor blade stuck in a piece of wood. In light of that, all of that, Judge Wood's finding that the defendant was still dangerous and presented a danger if released was entirely reasonable. That finding was also not, as was also put forward in the appellant's brief, it was not contradicted by Judge Wood's comments at sentencing. If the court were to review the full sentencing transcript, it would find that Judge Wood was extremely thoughtful, engaged with the defendant's arguments, and acknowledged when certain factors appeared to weigh in his favor. But on the whole, what the court would find is that Judge Wood found that this defendant had ordered a murder, that it was not disproportionate to sentence him to life imprisonment considering the thousand plus kilograms of cocaine and the effect that that amount of drugs has on she would sentence him or stated that even if she could depart from the guidelines at that time, she would sentence him to life imprisonment, and she would have sentenced him to life imprisonment even if she had not found that he had ordered the execution of one of his employees. To turn briefly to one other issue that is raised for the first time in this argument, it was not raised in the initial brief in the proceedings below, and there was no reply brief filed, and that is the issue relating to this court's September 25th, 2020 decision in United  which is on page 113, is not applicable when a defendant, him or herself, files a compassionate release motion. Now, in addressing this issue, I think there are a few preliminary points that are primarily concerned about what a district court is permitted to consider when evaluating what's called extraordinary and compelling circumstances. After Brooker made clear that courts are free to consider any evidence that may be put forth, in this case, as was already noted, Judge Wood essentially already had adopted that view even though she was making her decision prior to Brooker, and indeed, she found that extraordinary compelling circumstances did exist in this case. So, in that regard, it is completely in accord with Brooker. Now, there is a subsection to this guidelines provision, subsection 2, relating to a defendant's dangerousness that under Brooker would no longer be applicable here. Judge Wood did cite that subsection, but as was also already noted by Judge Etkin, a defendant's dangerousness is already a factor to be considered under the section 3553A factors. Any judge conducting a section 3553A factors is going to assess or at least consider a defendant's dangerousness if released in the community, and that's exactly what happened here. So, I would say, I would submit that this court is under no obligation to even consider this claim, it being raised for the first time at oral argument. If it is considered, the applicable standard of review would be plain error, and it is very clear, based on Judge Wood's opinion, that the defendant is unable to satisfy the third prong of plain error review, which is essentially a prejudice standard because even if guidelines section 1B1.1.13 subsection 2 had never existed, Judge Wood would clearly have assessed the defendant's dangerousness upon release, which he did in this opinion while weighing the section 3553A factors, carefully acknowledging which ones may have tipped in his favor, but ultimately concluding, based on the seriousness of his offense and the risk of danger that he's under if released, that compassionate release was inappropriate. Thank you. Mr. Gordon, I hope you're still on for your rebuttal. Yes. Yes, Your Honor, I am. Okay. All right. So, I do want to discuss the Rose case, and I do want to discuss the 28-J letter that the government did submit. The prosecutors argued that it was clear that district court understood the relevant aspect of the sentencing law, just like in Rose, but there are several differences. Now, first off, the district court in Rose indicated that the denial of the compassionate release in that court was without prejudice to a future motion by Rose for a sentencing reduction. And then secondly, in the district court opinion in Rose, the district court indicated that Rose can come back if 1B1.13 is amended or if the Second Circuit makes a ruling similar to what the court did in Brooker. But then third off, in the district court opinion in Rose, there is references to PEPA rehabilitation factors under United States v. PEPA. And in this case, with regards to Mr. Gill, although Mr. Gill did submit information about 1,000 hours of rehabilitation, the district court did not consider that at all. It's why the district court in this case abused its discretion and did not consider relevant sentencing factors as the Second Circuit explained happened in Rose. With regards to the plain error, the prosecutor's indication of plain error, we would submit that this is error, that is plain. The court has since in Brooker determined that 1B1.13 is not applicable to motions that are filed by the defendant. We would submit that it's said that substantial rights were violated because the district court specifically referenced 1B1.13 to determine whether or not a compassionate release was appropriate. And then our opinion is that the court should step in to ensure that meaningful appellate review is being followed in these cases. The district courts have a high amount of discretion with regards to compassionate release. With regards to the plain error, it would be appropriate to reverse for the appellate court to step in for the need to engage in meaningful appellate review. Thank you. Thank you. Thank you both. The court will reserve decision.